IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BERTHA E. MORENO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** 4:12-cv-00275 |
| v. | § | |
| | § | |
| **CROSS TIMBERS HEALTH** | § | |
| **CLINICS, INC., MARY** | § | |
| **HALLMARK, GEORGE DUDLEY &** | § | |
| **BARBARA DURHAM,** | § | **JURY DEMANDED** |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF BERTHA MORENO'S ORIGINAL COMPLAINT

COMES NOW, Bertha Moreno ("Plaintiff"), by and through her counsel, and brings this action against Cross Timbers Health Clinics, Inc. ("Cross Timbers" throughout), Mary Hallmark, George Dudley and Barbara Durham (collectively, "Defendants") for violations of the Family & Medical Leave Act of 1993 (29 U.S.C. §§ 2601 et seq.) and against Cross Timbers only for violations of the Americans With Disabilities Act and its amendments (42 U.S.C. §§ 12100 et seq.). In support of such claims, Plaintiff would show as follows:

### I. JURISDICTION AND VENUE

1.  This action arises under the Family & Medical Leave Act, 29 U.S.C. §§ 2601, as well as the Americans With Disabilities Act, 42 U.S.C. §§ 12100 et seq.

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

3.  This action properly lies in the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices alleged below were

committed within Comanche County, which is within this judicial district and administrative division.

## II. PARTIES

4.      Plaintiff Bertha E. Moreno is a citizen of the United States and resides in DeLeon, Comanche County, Texas.

5.      Defendant Cross Timbers Health Clinics, Inc. is a domestic for-profit corporation. Cross Timbers may be served with summons by serving its registered agent, Sherry L. Hill, 1100 West Reynosa, DeLeon, Texas 76444.

6.      Defendant Mary Hallmark is the Chief Executive Officer of Cross Timbers and may be served with summons at 1100 W. Reynosa, DeLeon, Texas 76444.

7.      Defendant George Dudley is the Chief Operating Officer of Cross Timbers and may be served with summons at 1100 W. Reynosa, DeLeon, Texas 76444.

8.      Defendant Barbara Durham is the Billing Manager of Cross Timbers and may be served with summons at 1100 W. Reynosa, DeLeon, Texas 76444.

9.      Moreno was at all relevant times an "employee" of Cross Timbers as defined by applicable statutes. She worked at least 1,250 hours for Cross Timbers in the year prior to her need to take FMLA leave in 2010.

10.     Cross Timbers was at all relevant times an "employer" as defined by applicable statutes. Cross Timbers is also a covered entity for purposes of the statutes under which these claims are brought.

11.     For purposes of the FMLA, Hallmark, Dudley and Durham were all acting as "employers" during the events relevant to this suit and are therefore subject to individual liability under the FMLA.

12.     Cross Timbers employed at least 50 employees within a 75-mile radius of Moreno's work location as of the date that she required the use of FMLA leave and in at least 20 work weeks in the year in which Moreno required FMLA leave.

### III. CONDITIONS PRECEDENT

13.     On or about April 8, 2011, Moreno filed a Charge of Discrimination with the Equal Employment Opportunity Commission office in Dallas, Texas.  Such filing was made within 300 days of the date of the unlawful termination.

14.     On or about February 1, 2012, The EEOC issued a Notice of Right to Sue.  That notice was received by Moreno's attorney on February 4, 2012 and is attached to this complaint as Exhibit A.

15.     Moreno is timely filing this Original Complaint by the 90th day following her receipt of the Notice of Right to Sue.

### IV. STATEMENT OF FACTS

16.     Moreno worked for Cross Timbers from April 3, 1990 to October 22, 2010 as a billing clerk at its DeLeon, Texas clinic.

17.     In 2010, Moreno's mother, Maria Vasquez, was diagnosed with breast cancer.  Vasquez also lives in DeLeon.

18.     Vasquez's cancer qualifies as a "serious health condition" for purposes of the FMLA.  She is also a Spanish speaker, requiring the assistance of her daughter Moreno to drive her to medical appointments related to the cancer treatment in Fort Worth, translate between Spanish and English, understand medical issues and assist with her care.  Moreno's father is no longer living.  Although Moreno has two sisters, they are both disabled and are therefore unable to effectively assist Vasquez.  Vasquez also has other medical conditions, including diabetes, which

complicated the prospects of a mastectomy. Therefore, Moreno is the only relative who could feasibly provide Vasquez with assistance at her cancer-related medical appointments.

19. On or about September 23, 2010, Vasquez had a mastectomy.

20. On or about September 30, 2010, Moreno had to attend a cancer-related medical appointment in Fort Worth with her mother. Although Moreno believes that she requested the day off, Cross Timbers claimed she did not. Therefore, after not receiving any write-ups for years, Moreno was given a write-up on October 11, 2012 for missing work. Supervisor Barbara Durham stated that Moreno had committed "Job abandonment and missed mandatory NextGen training." NextGen is a software system used for medical practice management. Moreno was informed that if she missed another mandatory NextGen training meeting, she may be terminated. Moreno informed Durham that she had to help her mother at her medical appointment. Durham issued the write-up anyway.

21. On October 12, 2010, Chief Operating Officer George Dudley came to Moreno's office and asked her questions about the fact that Moreno had been diagnosed with multiple sclerosis. He related to Moreno the fact that a family member of his has multiple sclerosis and is severely impacted in their daily activities of living. She gave Dudley extensive information about her condition and 10 days later was terminated from a job she had held for 20 years.

22. Vasquez was scheduled for another follow-up appointment with Dr. John Nugent in Forth Worth on October 21, 2012. Moreno had rescheduled this appointment once to accommodate the NextGen training schedule. Unfortunately, October 21 still conflicted with NextGen training and Vasquez's appointment had to go forward. Well in advance, Moreno requested the day off to attend her mother's appointment. Moreno's supervisor was aware that she would be away that

day to attend her mother's medical appointment and would miss another day of NextGen training.

23. On October 21, Moreno traveled to Fort Worth for her mother's cancer-related medical appointment and was therefore absent from work that day.

24. Cross Timbers fired Moreno on October 22 and claims it did so solely because Moreno missed another day of NextGen training, knowing full well why Moreno was absent that day. Hallmark, Dudley and Durham all participated in the decision to terminate Moreno.

## V. FIRST CAUSE OF ACTION - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993

25. By the allegations described above, all four Defendants violated Moreno's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 et seq., including its applicable regulations, by interfering with Moreno's right to take protected leave pursuant to the Act through the termination of her employment.

26. All Defendants further violated Moreno's FMLA rights by retaliating against Moreno for needing to take FMLA leave.

27. All Defendants' violations justify an award of damages, including liquidated damages, attorney fees, court costs, pre- and post-judgment interest, and any relief to which Moreno may be entitled.

28. Further, the violations committed by all Defendants were willful.

## VI. SECOND CAUSE OF ACTION - VIOLATION OF AMERICANS WITH DISABILITIES ACT

29. Pursuant to 42 U.S.C. 12111(5)(A), Cross Timbers is a covered entity due to the fact that it has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

30. In terminating Moreno in whole in part based on her disability of multiple sclerosis, or perceived disability, Cross Timbers violated 42 U.S.C. § 12112(a), which states that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31. As a direct and proximate result of Cross Timbers's actions, Moreno has sustained economic damages and has endured compensatory damages in the form of future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

32. Cross Timbers is further liable for punitive damages for engaging in intentional discrimination and has done so with malice or reckless indifference to Moreno's federally protected rights.

33. Moreno is also entitled to attorney fees, expert witness fees and costs.

## VII.  REQUEST FOR JURY TRIAL

34. Plaintiff requests a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above, including exemplary damages;

3. The Court award liquidated damages under the Family & Medical Leave Act;

4. The Court award reasonable attorney fees, expert fees and costs, as provided by law;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and

6. The Court award any such other relief allowed by law and as the Court may find proper.

Respectfully submitted,

*/s/ Kerry O'Brien*

| | |
|---|---|
| KERRY V. O'BRIEN | KAY E. GOGGIN |
| Texas Bar No. 24038469 | Texas Bar No. 08067700 |
| **Lead Counsel** for Plaintiff | **Local Counsel** for Plaintiff |
| | |
| O'BRIEN LAW FIRM PC | LAW OFFICE OF KAY E. GOGGIN |
| 1011 Westlake Drive | 5025 N. Central Expressway, Ste 3010 |
| Austin, Texas 78746 | Dallas, Texas 75205 |
| ko@obrienlawpc.com | kay@gogginlaw.com |
| ph (512) 410-1960 | ph (972) 437-1965 |
| fax (512) 410-6171 | fax (214) 520-9211 |

EXHIBIT A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Bertha Moreno<br>916 S. Rusk<br>De Leon, TX 76444 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

Received 2/4/12 (saturday) [initials]

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2011-01001 | Donna Day,<br>Investigator Support Asst | (214) 253-2811 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]  2/1/12

Enclosures(s)         Janet V. Elizondo,           (Date Mailed)
                      Acting District Director

cc:  George Dudley                          O'BREIN LAW FIRM
     Chief Operating Officer                Attn.: Kerry O'Brein
     CROSS TIMBERS HEALTH CLINICS, INC.     2901 Bee Caves Road
     1100 West Reynosa                      Box 1
     Drawer 30                              Austin, Texas 78746
     De Leon, TX 76444